# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40619**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Nicholas C. TOMPKINS**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 1 August 2025

————————————

*Military Judge*: Sterling C. Pendleton.

*Sentence*: Sentence adjudged 8 January 2024 by GCM convened at Ramstein Air Base, Germany. Sentence entered by military judge on 14 February 2024: Dishonorable discharge, confinement for 36 months, reduction to E-1, and a reprimand.

*For Appellant*: Major Samantha P. Golseth, USAF.

*For Appellee*: Lieutenant Colonel Jenny A. Liabenow, USAF; Major Kate E. Lee, USAF; Major Tyler L. Washburn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MASON, and KEARLEY, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting alone as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of two specifications of possession of child pornography, conduct that was of a nature to bring discredit upon the armed forces, in violation of Article 134, Uniform

Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] Appellant was sentenced to a dishonorable discharge, confinement for 36 months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings. Appellant requested waiver of the automatic forfeitures for a period of six months, release from confinement, or expiration of his term of service, whichever would arrive soonest. Appellant also requested deferment of the adjudged reduction in rank. The convening authority directed the pay and allowances to be paid to Appellant's spouse for her and their children's benefit. He denied Appellant's deferment request but suspended the reduction in rank for a period of six months, release from confinement, or expiration of his term of service, whichever would arrive soonest.

Appellant raises one issue on appeal: whether the Government can prove 18 U.S.C. § 922 is constitutional as applied to Appellant when he was convicted of offenses that do not fall within the nation's historical tradition of firearm regulation, and whether we can order correction. We have carefully considered this allegation of error and conclude it warrants neither discussion nor relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)); *see also United States v. Johnson*, __ M.J. __, No. 24-0004, 2025 CAAF LEXIS 499, at *13–14 (C.A.A.F. 24 June 2025).[2]

As entered, the findings are correct in law. *Manual for Courts-Martial, United States* (2024 ed.). Additionally, the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] Unless otherwise noted, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Though not raised by Appellant, we note that the record was not docketed with the court within 150 days of the end of trial. Rather, it was docketed 155 days after the end of trial. Appellant does not allege any prejudice, however, and we find none. We conclude no relief for facially unreasonable post-trial delay is warranted. *See United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020) (citing *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006)); Article 66(d)(2), UCMJ, 10 U.S.C. § 866(d)(2). *Manual for Courts-Martial, United States* (2024 ed.).